UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FREDERICK W. ADKINS, | ) | |
| Plaintiff, | ) | 3:09-cv-00628-ECR-RAM |
| vs. | ) | |
| | ) | **ORDER** |
| HOWARD SKOLNIK, *et al.*, | ) | |
| Defendants. | ) | |

Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. On March 30, 2010, the Court granted plaintiff's application to proceed *in forma pauperis*. (Docket #7). The Court now reviews the complaint.

**I.  Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.§ 1915A.  Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. The Instant Complaint**

Plaintiff was an inmate at Ely State Prison during all times relevant to the complaint. Plaintiff brings action against the following individuals: Howard Skolnik, Director of the Nevada Department of Corrections; E.K. McDaniel, warden of Ely State Prison; James G. Cox, deputy director of operations; Rene Baker, associate warden of programs; and correctional officers Vance E. Crowder, Mark Harrara, Mark Short, C. Kirchen, and Dinnis Homen. Plaintiff seeks damages, injunctive relief, and costs in his prayer for relief.

**Count I**

Plaintiff alleges that on November 1, 2007, defendant Dinnis Homen denied plaintiff's request to be placed in protective housing. (Complaint, at p. 6). Plaintiff states that Rene

1  Baker and E.K. McDaniel violated his right to be placed in protective housing. (*Id.*). Prisoners have
2  no liberty interest in avoiding being transferred or in demanding to be transferred to another prison
3  or another part of the prison. *See Olim v. Wakinkona*, 461 U.S. 238, 245 (1983). Plaintiff has
4  alleged no facts to indicate that he required protective housing or that he was at risk of attack from
5  other inmates. Defendant Homen's denial of plaintiff's request for protective housing was not a
6  violation of plaintiff's constitutional rights. Moreover, plaintiff names Rene Baker, an associate
7  warden, and E.K. McDaniel, the warden of Ely State Prison, as having violated his rights under
8  Count I. Plaintiff has not alleged that defendants Baker and McDaniel took any action violative of
9  his rights. Section 1983 plainly requires that there be an actual connection or link between the
10 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell*
11 *v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976);
12 *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Because plaintiff has failed to allege that
13 defendants engaged in any act or omission violative of his constitutional rights, Count I is dismissed
14 with prejudice.

**Count II**

16  In Count II, plaintiff alleges that in March 2009, defendant Crowder "threatened to
17 have me assaulted." (Compl., at p. 7). Mere verbal harassment or abuse is not sufficient to state a
18 constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th
19 Cir. 1987). Plaintiff fails to state a claim against defendant Crowder.

20  Plaintiff further alleges that on May 15, 2009, defendant Harrara kicked the food slot
21 door of his cell on plaintiff's hands because plaintiff was blocking the food slot with his hands.
22 (Compl., at p. 7). Plaintiff states a cognizable Eighth Amendment claim against defendant Harrara
23 for use of excessive force. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*,
24 475 U.S. 312, 320-21 (1986)).
25 / / / / / / / / / /
26

**Count III**

Plaintiff alleges that in November 2008, he was threatened by correctional officers and "mentally abused." (Compl., at p. 8). Plaintiff seeks damages of $250,000.00 for "mental anguish" and "emotional distress." (Compl., at p. 14). Mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). The Prison Litigation Reform Act states that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002). Plaintiff alleges no physical injury as a result of the mental anguish and emotional distress allegedly caused by correctional staff. Plaintiff's claim is barred under the Prison Litigation Reform Act.

**III. Motion for Appointment of Counsel (Docket #1-2)**

Plaintiff has filed a motion requesting the appointment of counsel in this action. A litigant in a civil right action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the Court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(*citing Wilborn, supra*, 789 F.2d at 1331). The district court has considerable discretion in making these findings. The Court will not enter an order directing the appointment of counsel. Plaintiff's motion for the appointment of counsel is denied.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's motion for the appointment of counsel (Docket #1-2) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL FILE** the complaint (Docket #1-1).

**IT IS FURTHER ORDERED** that the Eighth Amendment excessive force claim against defendant Harrara, in Count II of the complaint, **SHALL PROCEED.**

**IT IS FURTHER ORDERED** that all other defendants and counts of the complaint are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED,** as follows:

1. The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an

answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

Dated this 16th day of September, 2010.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE

```
_____
Name
_____
Prison Number
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| _____, ) | Case No. _____ |
|---|---|
| Plaintiff, ) | |
| ) | |
| v. ) | **NOTICE OF INTENT TO** |
| ) | **PROCEED WITH MEDIATION** |
| _____ ) | |
| ) | |
| _____ ) | |
| Defendants. ) | |
| ) | |

    This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1. Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2. If no, please state the reason(s) you do not wish to proceed with mediation? _____

   _____

   _____

   _____

3. List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

   _____

   _____

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 20____.

_____
Signature

_____
Name of person who prepared or
helped prepare this document